UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Petitioner,<br><br>      v.<br><br>TONY RUSSO, as Owner/Manager of<br>O'Harley's, Inc.,<br><br>                      Respondent. | Case No.  11cv0634 IEG (MDD)<br><br>ORDER GRANTING PETITION TO<br>ENFORCE INTERNAL REVENUE<br>SERVICE SUMMONS |

        The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Tony Russo ("Respondent"). On April 4, 2011, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On April 7, 2011, the IRS personally served a copy of the order to show cause, the Government's petition to enforce and supporting declaration upon Respondent. Respondent did not file a written response to the order to show cause.

        The hearing was held on the Government's petition on June 13, 2011, at 10:30 a.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

## BACKGROUND

        On September 22, 2010, Revenue Officer Peter C. Zacharzuk, Jr., employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer Peter C. Zacharzuk, Jr. in Support of Petition, ("Zacharzuk Decl."), ¶ 3.] The IRS is conducting an investigation to assess the corporate

tax liabilities of O'Harley's, Inc., a corporation of which Respondent is the Owner/Manager. [Id. at ¶ 2.] The summons relates to the determination of the corporate tax liabilities of O'Harley's, Inc., for the tax years 2006, 2007, 2008, and 2009. [Id. at ¶¶ 2-3.] On October 4, 2010, Revenue Officer Zacharzuk personally served a copy of the summons on Respondent. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on October 15, 2010 at 8:00 a.m. [Id. at ¶ 5.] On October 15, 2010, Respondent did not appear before the IRS as directed and did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing him appear before the IRS on December 13, 2010. [Id. at ¶ 6.] Respondent again failed to appear or provide any of the summonsed information or payment. [Id.] To date, Respondent has not provided the IRS with the testimony and documents requested by the summons. [Id. at ¶ 7.]

On March 29, 2011, the Government petitioned the Court to enforce the summons. On April 4, 2011, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. Respondent did not file a written response to the order to show cause. On June 13, 2011, the Court held a hearing on the order to show cause.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.

1 United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58
2 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the
3 sworn declaration of the revenue agent who issued the summons that Powell requirements have been
4 met." Id. at 120. Once the government has made a prima facie showing that enforcement of the
5 summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons
6 would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized
7 respondent's burden as a heavy one. Id.

8 The Government's petition and Revenue Officer Zacharzuk's supporting declaration satisfy all
9 four elements of the Powell standard. First, the IRS is conducting an investigation to determine the
10 corporate tax liabilities of O'Harley's, Inc., for the tax years 2006, 2007, 2008, and 2009. [Zacharzuk
11 Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue
12 Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any
13 person for any internal revenue tax . . . or collecting any such liability . . . ." 26 U.S.C. § 7602(a). Thus,
14 the summons was issued for a legitimate purpose. Second, Revenue Officer Zacharzuk has declared in
15 his affidavit that the information requested by the summons may be relevant to the determination of
16 corporate tax liabilities of O'Harley's, Inc. [Id. at ¶ 10.] Third, the IRS does not already possess the
17 testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 8.]
18 Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not
19 complied with the summons. [Id. at ¶ 9.] Thus, the Government has made prima facie showing that it
20 is entitled to judicial enforcement of the summons.

21 <u>CONCLUSION</u>

22 For the reasons set forth herein, the Government's petition to enforce the IRS summons is
23 GRANTED. Respondent, Tony Russo, is directed to appear before IRS Revenue Officer Peter C.
24 Zacharzuk, Jr., or a designee, on *July 12, 2011, at 10:00 a.m.*, at the offices of the Internal Revenue
25 Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents
26 and give testimony as directed in the summons. The Government shall serve a copy of this Order upon
27 Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon
28 counsel for the Government, or as soon thereafter as possible. Proof of such service shall be filed with

1  the Clerk of Court as soon as practicable.

2  <u>Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court, which may include monetary fines or incarceration as appropriate.</u>

4  **IT IS SO ORDERED.**

5  DATED: June 17, 2011

*Irma E. Gonzalez*
IRMA E. GONZALEZ, Chief Judge
United States District Court